NO. 25-2134

---

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

JAMON RIVERA, et al.,

Plaintiffs-Appellants,

v.

KJELL ANDERSON, et al.,

Defendants-Appellees.

---

On Appeal from the United States District Court for the
Western District of Washington at Seattle, Case No. 2:24-cv-00677-KKE
The Honorable Kymberly K. Evanson, United States District Court Judge

---

**DEFENDANTS'-APPELLEES' ANSWERING BRIEF**

---

NICHOLAS W. BROWN
Attorney General

R. JULY SIMPSON, WSBA #45869
SARAH E. SMITH-LEVY, WSBA #55770
DIERK MEIERBACHTOL, WSBA #31010
Assistant Attorneys General
EMMA GRUNBERG, WSBA #54659
WILLIAM MCGINTY, WSBA #41868
Deputy Solicitor General
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
360-709-6470
July.Simpson@atg.wa.gov
Sarah.E.Smith-Levy@atg.wa.gov
Dierk.Meierbachtol@atg.wa.gov
Emma.Grunberg@atg.wa.gov
William.McGinty@atg.wa.gov
*Attorneys for Defendants-Appellee*

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................1

II.   STATEMENT OF THE ISSUES .......................................3

III.  STATEMENT OF THE CASE .........................................3

    A.  The State Building Code Council
       Establishes Building Code Requirements
       that are Enforced by Local Officials ...........................3

    B.  The Council Adopts and Amends
       Rules to Meet the Washington
       Legislature's Mandate to Improve
       the Energy Efficiency of New Construction ...............5

    C.  Plaintiffs Sue to Enjoin the Energy Codes...................8

    D.  The District Court Grants Defendants'
       Motion to Dismiss on Eleventh
       Amendment Grounds ...................................................9

IV.  SUMMARY OF THE ARGUMENT .............................10

V.   ARGUMENT..................................................................12

    A.  Standard of Review ....................................................12

    B.  The Eleventh Amendment Bars
       Plaintiffs' Suit...........................................................12

       1.  Eleventh Amendment immunity
          applies to the Council members
          and the Attorney General ......................................12

       2.  *Ex parte Young* is a narrow exception
          to Eleventh Amendment immunity
          applying only to officials who
          enforce challenged provisions.............................17

3. *Ex parte Young* does not allow suit against the Council members ........................................19

4. *Ex parte Young* does not allow suit against the Attorney General........................................31

C. If This Court Determines the Eleventh Amendment Does Not Bar this Suit, It Should Remand to the District Court for Further Proceedings..................................................35

VI. CONCLUSION AND RELIEF SOUGHT ........................................39

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Arrington v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
651 F.2d 615 (9th Cir. 1981) .............................................................. 30

*Ass'n v. City of Berkeley*,
65 F.4th 1045 (9th Cir. 2023),
*amended on rehearing at* 89 F.4th 1094
(9th Cir. 2024) (*CRA*) .......................................................................... 6

*Brueske v. Chelan Cnty.*,
No. 39001-2-III, 2023 WL 4196981
(Wash. Ct. App. June 27, 2023) (unpublished) ................................... 4

*Buffin v. Cal.*,
23 F.4th 951 (9th Cir. 2022) .............................................................. 22

*Climate Solutions et al. v. Washington et al.*,
No. 104240-0, Order (Wash. Sept. 3, 2025) ...................................... 38

*Climate Solutions v. Sate of Washington*,
Case No. 104240-0 (Wash. 2025) ......................................................... 6

*Coal. to Defend Affirmative Action v. Brown*,
674 F.3d 1128 (9th Cir. 2012) ...................................................... 17, 26

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ................................................................ 5

*Davison v. State of Wash.*,
466 P.3d 231, 240 (2020),
*as amended on denial of reconsideration*
(Oct. 20, 2020) .................................................................................... 22

*Doe v. Regents of the Univ. of California*,
891 F.3d 1147 (9th Cir. 2018) ............................................................ 12

*Ex parte Young,*
  209 U.S. 123 (1908) ................................................................ 17, 25, 33, 34

*Frank v. Lee,*
  84 F.4th 1119 (10th Cir. 2023) ................................................................ 30

*Idaho v. Coeur d'Alene Tribe of Idaho,*
  521 U.S. 261 (1997) ........................................................... 13, 16, 17

*Jennings v. Rodriguez,*
  583 U.S. 281 (2018) ........................................................................ 39

*Kohn v. State Bar of California.,*
  87 F.4th 1021 (9th Cir. 2023),
  *cert. denied,* 144 S. Ct. 1465,
  218 L. Ed. 2d 694 (2024) ........................................................ 14, 15, 16

*Krainski v. Nevada ex rel. Bd. of Regents*
  *of Nevada Sys. of Higher Educ.,*
  616 F.3d 963 (9th Cir. 2010) ................................................................ 14

*Long v. Van de Kamp,*
  961 F.2d 151 (9th Cir. 1992) ................................................................ 34, 35

*Los Angeles Cnty. Bar Ass'n v. Eu,*
  979 F.2d 697 (9th Cir. 1992) .......................................................... passim

*MacEwen v. Inslee,*
  No. 3:20-cv-05423-BHS, 2020 WL 4261323
  (W.D. Wash. July 24, 2020) ................................................................ 19, 28

*Mecinas v. Hobbs,*
  30 F.4th 890 (9th Cir. 2022) ........................................................ 10, 23, 24

*Mendoza v. Strickler,*
  51 F.4th 346 (9th Cir. 2022) ................................................................ 18

*Mi Familia Vota v. Abbott,*
  977 F.3d 461 (5th Cir. 2020) ................................................................ 27

iv

*Micomonaco v. State of Wash.*,
45 F.3d 316 (9th Cir. 1995) .................................................................... 12, 13

*Mochizuki v. King Cnty.*,
548 P.2d 578 (1976) .................................................................................. 22

*Mulhern Gas Co., Inc. v. Rodriguez*,
No. 1:23-cv-1267,
2024 WL 3992588 (N.D.N.Y. Aug. 29, 2024) ............................................ 28

*Munoz v. Superior Ct. of Los Angeles Cnty.*,
91 F.4th 977 (9th Cir. 2024) ..................................................................... 18

*NASD Disp. Resol., Inc. v. Jud. Council of California*,
232 F.Supp.2d 1055 (N.D. Cal. 2002)
*vacated for mootness by* 488 F.3d 1065 (9th Cir. 2007),
*vacated and remanded sub nom.*
*NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*,
488 F.3d 1065 (9th Cir. 2007) .................................................................. 28

*Pac. Nw. Venison Producers v. Smitch*,
20 F.3d 1008 (9th Cir. 1994) ..................................................................... 29

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ..................................................................... 12, 13, 16, 18

*Planned Parenthood of Greater Wash. & N. Idaho v.*
*U.S. Dep't of Health & Hum. Servs.*,
946 F.3d 1100 (9th Cir. 2020) ................................................................... 36

*Planned Parenthood of Idaho, Inc. v. Wasden*,
376 F.3d 908 (9th Cir. 2004) ..................................................................... 32

*Rains v. State of Wash.*,
674 P.2d 165 (1983) ................................................................................... 13

*Romano v. Bible*,
169 F.3d 1182 (9th Cir. 1999) ................................................................... 14

v

*Seminole Tribe of Fla. v. Fla.*,
   517 U.S. 44 (1996) ................................................................................ 18

*Singleton v. Wulff,*
   *428 U.S. 106 (1976)* ......................................................................... 36

*Snoeck v. Brussa*,
   153 F.3d 984 (9th Cir. 1998)................................................................ 31

*Sofamor Danek Grp., Inc. v. Brown*,
   124 F.3d 1179 (9th Cir. 1997)............................................................. 17

*Southern Pac. Transp. Co. v. Brown*,
   651 F.2d 613 (9th Cir. 1980)........................................................... 30, 32

*State of Wash. v. City of Sunnyside*,
   550 P.3d 31 (Wash. 2024).......................................................... 33, 34, 35

*United States v. Patrin*,
   575 F.2d 708 (9th Cir. 1978)................................................................ 36

*United States v. Strong*,
   489 F.3d 1055 (9th Cir. 2007)............................................................. 37

*Watson v. City of Seattle*,
   401 P.3d 1 (2017) ............................................................................... 22

*Whole Woman's Health v. Jackson*,
   595 U.S. 30 (2021) .............................................................................. 18

## Constitutional Provisions

Wash. Const. art. XI, § 10........................................................................ 5, 22

Wash. Const. art. XI, § 4.......................................................................... 5, 22

**Statutes**

King County Code § 16.02.260 ............................................................... 20

Lewis County Code § 15.05.020(1)(e) ................................................... 21

Spokane County Code § 3.01.031 ......................................................... 20

Spokane County Code § 3.01.040 ......................................................... 20

Wash. Rev. Code § 19.27.020 .......................................................... 3, 16

Wash. Rev. Code § 19.27.031 .......................................................... 3, 29

Wash. Rev. Code § 19.27.050 ................................................. 4, 5, 20, 31

Wash. Rev. Code § 19.27.070 .......................................................... 3, 15

Wash. Rev. Code § 19.27.074 .......................................................... 3, 15

Wash. Rev. Code § 19.27.074 ...................................................... 15, 16, 19

Wash. Rev. Code § 19.27A.015.............................................................. 3

Wash. Rev. Code § 19.27A.020.............................................................. 3

Wash. Rev. Code § 19.27A.160(1)......................................................... 5, 6

Wash. Rev. Code § 35.22.280(24)........................................................... 4

Wash. Rev. Code § 43.10.030 .......................................................... 5, 33

Wash. Rev. Code § 43.10.110 ............................................................... 33

Wash. Sess. Law, ch. 1 § 6 .................................................................. 6

vii

## Other Authorities

Washington Secretary of State,
  *Initiative Measure No. 2066*,
  https://www2.sos.wa.gov
  /_assets/elections/initiatives/finaltext_3177.pdf
  (last accessed Sept. 17, 2025)........................................................... 38

Washington Secretary of State,
  *Initiative Measure No. 2066*,
  https://www2.sos.wa.gov/_assets/elections/initiatives/
  finaltext_3177.pdf. (last accessed Sept. 17, 2025)............................. 6

Washington State Building Code Council,
  *Answers and Opinions*,
  https://sbcc.wa.gov/answers-opinions
  (last accessed Sept. 17, 2025).............................................................. 5

## Regulations

22–14 Wash. Reg. 091 (July 1, 2022) § 403.1.4 ................................................. 6

22–14 Wash. Reg. 091 (July 1, 2022) § 404.2.1 ................................................. 6

23–02 Wash. Reg. 060 (Jan. 3, 2023) § 403.13................................................... 6

23–02 Wash. Reg. 060 (Jan. 3, 2023) § 403.5.7................................................. 6

23–12 Wash. Reg. (June 7, 2023) § 101 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 102 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 103 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 104 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 106 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 107 .............................................................. 7

23–12 Wash. Reg. (June 7, 2023) § 109 ............................................................ 7

23–12 Wash. Reg. (June 7, 2023) § 110 ............................................................ 7

Wash. Admin Code § 51-11C-40620 .................................................................. 7

Wash. Admin Code § 51-11R-40621 .................................................................. 7

Wash. Admin. Code § 10200 ............................................................................... 7

Wash. Admin. Code § 40335 ............................................................................... 7

Wash. Admin. Code § 51-04-010 ........................................................................ 3

Wash. Admin. Code § 51-04-060 ........................................................................ 4

Wash. Admin. Code § 51-11C-40620 ............................................................. 8, 21

Wash. Admin. Code § 51-11C-50100 .................................................................. 7

Wash. Admin. Code § 51-11R-40621 ............................................................. 8, 21

Wash. Admin. Code § 51-11R-50300 .................................................................. 7

## I. INTRODUCTION

States and their officials are normally immune from suit in federal court under the Eleventh Amendment. The most important exception to this rule is *Ex parte Young*. Under *Ex parte Young*, where a state official enforces a challenged law that is alleged to conflict with the laws of the United States, the official can be sued in federal court, since sovereign immunity does not extend to acts taken in violation of federal law.

Mere passage of a law is not sufficient to expose an official to this exception to Eleventh Amendment immunity. Instead, the state official must have a sufficiently direct connection to the enforcement of the challenged provision. In this case, Plaintiffs challenge Washington State building codes, but do not sue the local officials who have the exclusive power to enforce the codes under state law. Instead, they sue members of the Washington State Building Code Council and the Washington Attorney General. As the district court held, these officials do not enforce the codes and are therefore immune from Plaintiffs' suit.

The State Building Code Council is a quasi-legislative body that adopts building codes for Washington State. It does not enforce the building codes it enacts. Instead, enforcement is done by local officials who accept, process, and

make determinations about building applications. The closest the Council gets to enforcement is when a local official asks it for a non-binding advisory opinions on the meaning of the codes. Only the local officials who enforce the codes are allowed to ask for such an opinion, and the Council cannot formally issue one on its own initiative. And, once the opinion is issued, local officials may follow it or not. Neither the enactment of the codes, nor the issuance of non-binding advice about how to apply the codes, forms a sufficient connection to enforcement under *Ex parte Young*.

The Attorney General has no direct connection to enforcement of the building codes either. The general power of the Attorney General to represent the State in legal matters is not a sufficient connection to enforcement of a particular provision under *Ex parte Young*, as the Supreme Court itself held when it decided that case. The theoretical possibility that the State could sue local jurisdictions for failing to follow the building codes does not establish the fairly direct connection to enforcement of the challenged codes that *Ex parte Young* demands.

The district court correctly dismissed this lawsuit as barred by state sovereign immunity, and this Court should affirm.

## II. STATEMENT OF THE ISSUES

None of the state officials named as Defendants here enforce the state building codes Plaintiffs challenge. The members of the State Building Code Council promulgate the codes but do not enforce them, and the Attorney General has no connection to the codes or their enforcement. Are Plaintiffs' claims barred by Eleventh Amendment immunity?

## III. STATEMENT OF THE CASE

### A. The State Building Code Council Establishes Building Code Requirements that are Enforced by Local Officials

Washington, like most other states, has adopted statewide building codes promulgated by a quasi-legislative agency: the Washington State Building Code Council. Wash. Rev. Code § 19.27.031. The Council is comprised of 15 members representing a broad range of stakeholder interests. *See* Wash. Rev. Code §§ 19.27.031, .070, .074, .020; Wash. Admin. Code § 51-04-010. The Council, through the state administrative rulemaking process, establishes statewide building, residential, mechanical, fire, plumbing, and energy code requirements. Wash. Rev. Code §§ 19.27.031, 19.27A.015, 19.27A.020; ER-77–78 (description of Council's rulemaking process). Relevant here are the Energy Codes. ER-14.

As a matter of state law, the Council has no enforcement authority. Instead, once the Council has voted on and approved the codes, Washington law provides that local building code officials in cities, counties, and other local governments are responsible for approving building permit applications and enforcing the codes. Wash. Rev. Code § 19.27.050; *see also* Wash. Rev. Code § 35.22.280(24) (listing as a duty of first-class cities regulation of the manner in which buildings are constructed and maintained). The codes thus guide local officials in determining how to approve or deny building code applications. The Council cannot approve or deny building code applications, hear appeals regarding those applications, or play any other role in the enforcement of the Codes. ER-76; *see also Brueske v. Chelan Cnty.*, No. 39001-2-III, 2023 WL 4196981, at *1-3 (Wash. Ct. App. June 27, 2023) (unpublished) (describing permit application and appeal process in Chelan County). The Council is authorized to "issue opinions relating to the codes" but the Council may only issue a formal opinion as contemplated by state law "at the request of a local official charged with the duty to enforce the enumerated codes." Wash. Rev. Code § 19.27.050; Wash. Admin. Code § 51-04-060. The Council's website explains the process by which an opinion, or "interpretation," may be requested, and makes clear that the opinions are "advisory only." Washington

4

State Building Code Council, *Answers and Opinions*, https://sbcc.wa.gov/answers-opinions (last accessed Sept. 17, 2025).[1]

The Attorney General is a state official tasked with representing the State in court, alongside other statutory powers and duties. Wash. Rev. Code § 43.10.030. The Attorney General does not have general authority over local officials in cities, counties, and other local governments tasked with approving building permit applications and enforcing the building codes generally or the Energy Codes specifically. Wash. Rev. Code § 19.27.050. Instead, Washington recognizes counties and cities as separate political subdivisions with their own powers conferred by the Washington constitution and statutes. *See* Wash. Const. art. XI, §§ 4, 10.

## B. The Council Adopts and Amends Rules to Meet the Washington Legislature's Mandate to Improve the Energy Efficiency of New Construction

The Council is required to adopt Energy Codes that serve the Legislature's energy consumption goals. *See* Wash. Rev. Code § 19.27A.160(2). The Energy Codes are statutorily required to achieve a 70% increase in energy efficiency by

---

[1] The Court may take judicial notice of this government website. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (courts may take judicial notice of information made publicly available by government entities when neither party disputes the authenticity of the web sites or the accuracy of the information on that website).

2031, using the 2006 codes as a baseline. Wash. Rev. Code § 19.27A.160(1).[2] In late 2022 and early 2023, the Council amended the Energy Codes to generally require, albeit with multiple exceptions, the installation of heat pump heating, ventilation, and air conditioning (HVAC) appliances and heat pump water heaters in new commercial and residential buildings, effective July 1, 2023. 22–14 Wash. Reg. 091 (July 1, 2022) §§ 403.1.4, 404.2.1; 23–02 Wash. Reg. 060 (Jan. 3, 2023) §§ 403.5.7, 403.13.

Shortly thereafter, this Court issued its decision in *California Rest. Ass'n v. City of Berkeley*, 65 F.4th 1045 (9th Cir. 2023), *amended on rehearing at* 89 F.4th 1094 (9th Cir. 2024) (*CRA*), holding that the Energy Policy and Conservation Act (EPCA) preempted a California city ordinance that generally prohibited installation of natural gas piping in newly constructed buildings.

---

[2] Initiative 2066 passed in the November 2024 general election and prohibits the Council and local authorities from prohibiting, penalizing, or discouraging the use of gas for heating or uses related to any appliance or equipment, in any building. *See* Washington Secretary of State, *Initiative Measure No. 2066*, https://www2.sos.wa.gov/_assets/elections/initiatives/finaltext_3177.pdf. (last accessed Sept. 17, 2025). A King County Superior Court struck down Initiative 2066 as unconstitutional under procedural requirements of the Washington Constitution, and the Washington Supreme Court has granted direct review of that ruling. *See Climate Solutions v. Sate of Washington*, Case No. 104240-0 (Wash. 2025). Among other provisions amended by I-2066 was a provision requiring the Council to "help achieve the broader goal of building zero fossil-fuel greenhouse gas emission homes and buildings by the year 2031." *See* 2025 Wash. Sess. Law, ch. 1 § 6.

Following the *CRA* decision, the Council decided to delay implementation of its amendments to the Energy Codes "to evaluate what, if any changes may be necessary . . . to maintain compliance with [EPCA] given the recent Ninth Circuit Court of Appeals ruling[.]" *See* 23–12 Wash. Reg. (June 7, 2023) §§ 101, 102, 103, 104, 106, 107, 109, 110; ER-78–79. The Council then engaged in rulemaking to amend the Energy Codes in light of *CRA*. ER-78–79.

The amended Energy Codes went into effect in March 2024. ER-79. The Codes do not mandate the installation or use of electric heat pumps. Rather, the Energy Codes provide multiple performance pathways for using heat pumps or natural gas appliances in new construction. *See* Wash. Admin Code §§ 51-11R-40621, 51-11C-40620. Moreover, the Energy Codes contain a number of complex, interconnected exceptions that rely on local code officials' discretion and judgment. *See*, *e.g.*, Wash. Admin. Code § 10200 (allowing local approval of "an alternate material, design, or method of construction"); Wash. Admin. Code § 40335 (permitting "an approved alternate means of compliance" where full compliance is "impractical" and the alternative "achieves a comparable level of energy efficiency as the requirement"); Wash. Admin. Code § 51-11C-50100 (permitting modifications for historic buildings), Wash. Admin. Code § 51-11R-50300 (permitting alterations that do

7

not fully comply with the code where compliance "is physically impossible and/or economically impractical" among other criteria). Applying the Energy Codes to unique and individual permit applications is not a matter of rubber-stamping state law. Washington's codes permit multiple pathways that allow the use of gas appliances, requiring local officials to interpret the codes to determine whether an application has complied with one of those pathways. *E.g.*, Wash. Admin. Code §§ 51-11R-40621, 51-11C-40620.

## C.      Plaintiffs Sue to Enjoin the Energy Codes

Plaintiffs filed the operative complaint in this lawsuit challenging the Energy Codes in August 2024, naming as defendants the Council members in their official capacities and the Attorney General in his official capacity.

Plaintiffs argued that the Energy Codes are preempted by EPCA and that they do not fit into the statutory exemption from preemption. ER-42. Plaintiffs sought a declaratory judgment that the Energy Codes are preempted by federal law and are therefore void and unenforceable. Plaintiffs also sought a permanent injunction enjoining the Energy Codes and "prohibiting Defendants from maintaining or enforcing the Energy Code[s] or substantially similar preempted provisions" as part of the Energy Codes. ER 42–43.

**D. The District Court Grants Defendants' Motion to Dismiss on Eleventh Amendment Grounds**

Defendants moved to dismiss based on Eleventh Amendment immunity. *See generally* SER-47–70. In the alternative, Defendants argued that Plaintiffs lacked Article III standing. *Id.* Defendants maintained that the case was not properly brought in federal court because none of the Defendants have any role in enforcing the Energy Codes, and so any harms allegedly caused by enforcement of the Codes would not be traceable to Defendants or redressable by an order enjoining them. SER-52, SER-61. If it were otherwise, a plaintiff could sue any lawmaker rather than the person who enforces the law and causes the claimed harm, which would undermine the principles undergirding the Eleventh Amendment, the *Ex parte Young* exception, and Article III jurisdictional requirements. SER-58–59; SER-35.

The district court dismissed Plaintiffs' complaint on Eleventh Amendment grounds and did not address standing. ER-12. In reaching its ruling, the district court held that the individual Council members are not proper defendants under *Ex parte Young* because they only promulgated, and do not enforce, the Energy Codes, and so lack the requisite connection to enforcement of the Codes. ER-9–10. The district court similarly held that the Attorney

9

General is not a proper defendant under *Ex parte Young* because he has only generalized law enforcement authority as it relates to the Codes. ER-10–11.

### IV.    SUMMARY OF THE ARGUMENT

Plaintiffs' lawsuit is barred by the Eleventh Amendment and this Court should affirm the district court's dismissal on that ground. The Council is straightforwardly a state instrumentality and is therefore immune from suit in federal court, and the narrow exception to Eleventh Amendment immunity articulated in *Ex parte Young* does not apply to the Council members or to the Attorney General.

As to the Council members, Plaintiffs concede that the members have no role in enforcement of the challenged Energy Codes beyond their enactment in the first instance and the provision of non-binding advice to the local officials who do enforce them. Neither of these responsibilities subject them to suit in federal court. Plaintiffs' cited authority, including *Mecinas v. Hobbs*, 30 F.4th 890 (9th Cir. 2022), holds that where officials are responsible for enforcing a challenged law, they may be sued under *Ex parte Young*. Plaintiffs cite no case holding that mere *enactment* of a challenged provision is enough to pierce a state's Eleventh Amendment immunity. Such a holding would be a significant departure from previous caselaw and would suggest that state

10

legislators could be sued for the enactment of an allegedly unconstitutional law, fundamentally contradicting the principles underlying the *Ex parte Young* exception. As to the Council's provision of non-binding advice, this Court has held that providing such advice is not a sufficient connection to enforcement of a challenged law to support federal jurisdiction.

The Attorney General also is not a proper defendant under *Ex parte Young*. The Attorney General has no connection to the Energy Codes or their enforcement. Plaintiffs rely entirely on the Attorney General's general powers to represent the State in litigation, but this is insufficient to render the Attorney General a proper defendant, as the Supreme Court held in *Ex parte Young* itself.

Finally, if this Court disagrees and concludes that this lawsuit is not barred by the Eleventh Amendment, it should remand the case for further proceedings. The district court did not reach Defendants' standing argument and should be permitted the opportunity to assess standing in the first instance, in addition to other jurisdictional issues such as mootness, particularly in light of developments that have occurred since Plaintiffs filed the case.

11

## V. ARGUMENT

### A. Standard of Review

Courts review de novo whether a state official is entitled to Eleventh Amendment sovereign immunity. *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1152 (9th Cir. 2018); *Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995).

### B. The Eleventh Amendment Bars Plaintiffs' Suit

The district court properly dismissed Plaintiffs' suit against Defendants, who are state officials, due to their Eleventh Amendment immunity. Neither the Council members nor the Attorney General enforce the challenged Codes. Thus, while there is an exception to Eleventh Amendment immunity under *Ex parte Young* for suits against officials that enforce the challenged law, that exception does not apply here.

#### 1. Eleventh Amendment immunity applies to the Council members and the Attorney General

States are generally immune from suit in federal court. It is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health &*

*Welfare, Missouri*, 411 U.S. 279, 280 (1973)). Thus, "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* In fact, "federal [court] jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Id.* at 98 (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997) (noting that the Eleventh Amendment "evidenc[es] and exemplif[ies]" "the broader concept of immunity" and the "dignity and respect afforded a State" that would be "placed in jeopardy" absent sovereign immunity). Washington has not waived its sovereign immunity from suit in federal court. *See Rains v. State of Wash.*, 674 P.2d 165, 170 (1983) ("[T]he State cannot be sued in federal court because of the Eleventh Amendment."); *Micomonaco*, 45 F.3d at 320 n.2.[3]

---

[3] The fact that Plaintiffs alleged a federal question—preemption—does not change the Eleventh Amendment analysis. State courts can competently resolve federal questions. Holding otherwise would "run counter to [the] basic principles of federalism." *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 275 ("It would be error coupled with irony were we to bypass the Eleventh Amendment, which enacts a scheme solicitous of the States, on the sole rationale that state courts are inadequate to enforce and interpret federal rights in every case.") (Kennedy, J., concurring).

13

Eleventh Amendment immunity extends to suits against a State's officers and agencies for all types of relief. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 976 (9th Cir. 2010); *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (holding that the Eleventh Amendment bars suits against a state's agency, and an action against an agency official in their official capacity is a suit against the state itself).

Here, Plaintiffs do not dispute that the Attorney General is a state officer, the Council is a state agency, and both are protected from suit under the Eleventh Amendment unless an exception applies. *See* DktEntry 38-1 at 19 (proceeding straight to *Ex parte Young* analysis after conceding that the Eleventh Amendment generally bars federal lawsuits against States). This is because the Council meets the factors necessary for an agency to be protected by Eleventh Amendment immunity. Those factors are: "'(1) the state's intent as to the status of the entity, including the functions performed by the entity; (2) the state's control over the entity; and (3) the entity's overall effects on the state treasury.'" *Kohn v. State Bar of California.*, 87 F.4th 1021, 1030 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465, 218 L. Ed. 2d 694 (2024) (quoting *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873 (D.C. Cir. 2008) (cleaned up)).

The Council meets the first factor because state law expressly

14

characterizes the Council as a State governmental instrumentality. *See Kohn*, 87 F.4th at 1030. The Council performs state governmental functions in adopting and maintaining statewide building codes. Wash. Rev. Code § 19.27.074(1)(a)–(c), (4). It is a quasi-legislative body housed within the Washington Department of Enterprise Services (DES), a State executive branch agency (*see* Wash. Rev. Code §§ 19.27.070; 43.19.005(1)). The Council is not authorized to take property in its own name; even employment of staff and provision of administrative and information technology services is the responsibility of DES rather than the Council itself. Wash. Rev. Code § 19.27.074(3)(a), (c).

The Council meets the second factor because the State exercises control over the Council's operations. *See Kohn*, 87 F.4th at 1030. Council members are appointed by the Governor, based upon criteria set forth by the State Legislature. Wash. Rev. Code § 19.27.070(1). Members may be removed if they no longer represent the constituencies they were appointed to represent or as otherwise provided by state law. Wash. Rev. Code § 19.27.070(4)(c)–(e). The Council's powers are limited to those specified by the State Legislature in statute, and those powers are limited to those necessary to promulgate the statewide building code. *See* Wash. Rev. Code § 19.27.074. And in promulgating the codes, the Council

15

is required to act "consistent with the state's interest" as provided in State law setting out specific "purposes, objectives, and standards" for the Codes. Wash. Rev. Code §§ 19.27.074(1)(a), .020.

The Council meets the third factor because a money judgement against the Council would be satisfied out of state funds. *See Kohn*, 87 F.4th at 1030. Its budget is appropriated by the State Legislature (*see* Wash. Rev. Code § 19.27.085(1)), and the State is responsible for satisfying money judgments against it (*see* Wash. Rev. Code ch. 4.92).

Accordingly, it is undisputed that the Eleventh Amendment bars suits against the Council. Suing each individual Council member in their official capacities does not alter this analysis, and nor does suing the Attorney General. The Eleventh Amendment bars a suit against state officials where "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* at 101; *see also Coeur d'Alene Tribe of Idaho*, 521 U.S. at 270 ("The real interests served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleading."). Thus, this suit is barred by the Eleventh Amendment unless an exception applies. None does.

16

**2.** ***Ex parte Young* is a narrow exception to Eleventh Amendment immunity applying only to officials who enforce challenged provisions**

*Ex parte Young*, 209 U.S. 123 (1908), provides an exception to Eleventh Amendment immunity. That exception is for "prospective declaratory or injunctive relief against state officers [sued] in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). The exception is "predicated on the notion that a state cannot authorize one of its agents to violate the Constitution and laws of the United States." *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). Thus, a state officer acting in violation of federal law is considered "stripped of his official or representative character" and, therefore, is not shielded by the state's sovereign immunity. *Id.* at 1183–84

The *Ex parte Young* exception is intentionally narrow, and "must reflect a proper understanding of . . . our federal system and respect for state courts instead of a reflexive reliance on an obvious fiction." *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 270. As relevant here, the exception can only be applied if the named official has a "fairly direct" connection to the enforcement of the challenged regulation. *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). A generalized duty to enforce state law or

17

general supervisory power over those responsible for enforcing the provision is insufficient. *Id.*

The Supreme Court has continuously described *Ex parte Young* as a narrow exception, protecting the States' sovereign interests while providing a forum for the vindication of federal rights. *See, e.g.*, *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (noting that the *Ex parte Young* is a "narrow exception grounded in traditional equity practice . . . that allows certain private parties to seek judicial orders in federal court preventing state executive officials from *enforcing* state laws that are contrary to federal law.") (emphasis added); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 76 (1996) (declining to apply "narrow" *Ex parte Young* exception to allow plaintiffs to enforce federal statute, where robust remedial scheme existed to enforce that same right); *Pennhurst*, 465 U.S. at 102 ("the theory of *Young* has not been provided an expansive interpretation."). So too has this Court. *See, e.g.*, *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (superior court and superior court judge not proper *Ex parte Young* defendants under narrow contours of the exception); *Mendoza v. Strickler*, 51 F.4th 346, 352–53 (9th Cir. 2022) (directors of state transportation agency and department of motor vehicles proper *Ex parte Young* defendants in case challenging driver's license

18

suspension laws as "officials who . . . actually carried out the suspensions of [plaintiff's] driver's license."). In sum, a fairly direct, non-generalized connection to enforcement is the lynchpin of the analysis; failure to demonstrate that connection is fatal.

In this case, neither the Council members nor the Attorney General enforce the Energy Codes, nor do they have supervisory power over the local officials that do enforce the Energy Codes. Accordingly, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply.

### 3. *Ex parte Young* does not allow suit against the Council members

The Council members lack the authority to enforce the Energy Codes; they only promulgate them. Specifically, the Council and its members' statutory responsibility is to adopt and maintain the statewide building code. *See* Wash. Rev. Code §§ 19.27.074(1)(a)–(c). In the same way that the Legislature promulgates statutes but does not enforce them, the Council promulgates the building codes but does not enforce them. For Eleventh Amendment purposes, "'[t]he power to promulgate law is not the power to enforce it.'" *MacEwen v. Inslee*, No. 3:20-cv-05423-BHS, 2020 WL 4261323, at *2 (W.D. Wash. July 24, 2020) (*quoting In re Abbott*, 956 F.3d 696, 709

19

(5th Cir. 2020), *cert. granted, judgment vacated sub nom. Planned Parenthood Ctr. for Choice v. Abbott*, 141 S. Ct. 1261 (2021)).

Washington law delegates authority to enforce the Energy Codes to county and city officials. The governing statutes provide that "[t]he state building code required by this chapter shall be enforced by the counties and cities." Wash. Rev. Code § 19.27.050. The way this works practically is that local building code officials receive applications to build or modify structures and decide whether to approve or deny those applications based on whether they comply with the Codes. *See*, *e.g.*, King County Code § 16.02.260 (describing the contents of a permit application).

The Council does not oversee the permit process, review building permits, hear appeals of building permits, or have recourse if a county applies the Codes in a manner they disagree with. For example, in Spokane County, a building code official may modify the building code in individual cases "[w]henever there are practical difficulties involved in carrying out the provisions of [the building code] or other pertinent laws and ordinances." Spokane County Code § 3.01.040. Further, "[i]n case of conflict the [Spokane County building] director shall make a determination as to which code shall govern." Spokane County Code § 3.01.031. Plaintiffs submitted a declaration from Jordan Neal, Spokane's

20

Building Official, but Mr. Neal did not disclaim this discretion. Instead, he stated only that Spokane County has no power to amend the codes promulgated by the Council. ER-74. Plaintiffs submitted a similar declaration from Mindy Brooks, Lewis County's building code official. ER-68–69; DktEntry 38-1 at 21–22. Ms. Brooks testified that state law "mandates" that Lewis County enforce the codes, even "if the County would have adopted differing standards." ER-68–69. But Lewis County's building code specifically states that "[t]he use of gas shall be allowed until state regulations are amended to address the natural gas restriction repealed by Initiative No. 2066," indicating that Lewis County's position is that it does have discretion in its enforcement of the Energy Codes. *See* Lewis County Code § 15.05.020(1)(e).[4]

Both the Brooks and the Neal declarations reinforce Defendants' point—that local building code officials are responsible for enforcing the Energy Codes, and they may make nuanced judgment calls in doing so. But even if county level officials would enforce the codes exactly as written and exactly as the Plaintiffs fear, the same could be true of any county sheriff enforcing a law enacted by the

---

[4] To be clear, the current Energy Codes permit the use of gas appliances regardless of Initiative 2066. *E.g.,* Wash. Admin. Code §§ 51-11R-40621, 51-11C-40620. Lewis County's code suggests that its position is that its officials will not enforce provisions imposing energy efficiency requirements on appliances, including gas appliances.

Legislature. That does not mean the Legislature would be the proper *Ex parte Young* defendant in a suit challenging a law enforced by the sheriff. *Cf. Buffin v. Cal.*, 23 F.4th 951, 962–63 (9th Cir. 2022) (county sheriff enforced state bail schedule and thus was proper defendant under *Ex parte Young* in lawsuit challenging the schedule).

The Council also does not have authority to supervise or direct the work of the county and city officials in enforcing the codes. The Washington Constitution treats counties and cities as separate political subdivisions of the State, with a "presumption of autonomy in local governance." *Watson v. City of Seattle*, 401 P.3d 1, 10 (2017); Wash. Const. art. XI, §§ 4, 10. This "home rule" principle "seeks to increase government accountability by limiting state-level interference in local affairs." *Watson*, 401 P.3d at 10. Thus, no state officer or agency has general command-and-control authority over local governments or their officials. *See Mochizuki v. King Cnty.*, 548 P.2d 578, 580 (1976). The enforcement of the Codes by local officials is no exception. *See, e.g., Davison v. State of Wash.*, 466 P.3d 231, 240 (2020), *as amended on denial of reconsideration* (Oct. 20, 2020) ("[t]he State is not a 'principal' legally responsible for the acts of its local government 'agents' when such acts occur within the scope of the local government's delegated duty."). The Council

22

members promulgate the Energy Codes, but do not enforce or implement them. They therefore lack the requisite connection with enforcement of the challenged provisions required to be *Ex parte Young* defendants.

Attempting to fit the square peg of their complaint into the round hole of *Ex parte Young*, Plaintiffs contend that simply *enacting* a regulation has a sufficient connection with its enforcement for the Council members to be properly sued here. *See* DktEntry 38-1 at 25. They rely on a trio of cases, each of which stands for the unsurprising conclusion that when a state official enforces a challenged law, a federal court may, under *Ex parte Young*, issue prospective declaratory and injunctive relief to halt such enforcement. *See* DktEntry 38-1 at 21 (citing *Mecinas*, 30 F.4th 890; *Eu*, 979 F.2d 697; and *Coalition to Defend Affirmative Action*, 674 F.3d 1128). In each of those cases, plaintiffs challenged a state statute and sued state officials charged with enforcing the statute. Here, in contrast, Plaintiffs challenge a state regulation and sue the officials responsible for enacting it, but who do not enforce or otherwise implement it. This is the crucial difference.

Start with *Mecinas*. There, the plaintiffs challenged an Arizona statute that required candidates for office to be ordered in a particular way on the ballot, suing the Arizona Secretary of State. *Mecinas*, 30 F.4th at 895. While ballots

23

were printed by county officials, the Secretary played a significant role in enforcing state election law by overseeing ballot production. *Id*. at 900, 903. This included issuing a manual requiring local officials to "order candidates' names on ballots in accordance with the statute." *Id.* at 900. This Court held the Secretary was subject to *Ex parte Young* because her role in issuing the manual "far exceeded" the "modest connection" to enforcing the challenged law required by *Ex parte Young*. *Id.* at 903–04.

The distinction between *Mecinas* and this case is obvious. In *Mecinas*, the plaintiffs challenged the statute that established the allegedly unfair requirements at issue and sued an Arizona official who played a significant role in enforcing that statute, seeking an injunction to prevent that official from enforcing the statute. They did not challenge the Secretary's manual, which would have accomplished nothing, since the manual simply enforced the statutory requirements. Here, by contrast, Plaintiffs challenged a state regulation and sued the members of the quasi-legislative body that enacted it, seeking an injunction to prevent the members from "maintaining" the regulation. *See* ER-43. Although Plaintiffs also asked for an injunction barring the Council members from enforcing the Energy Codes (ER-43), such an order would have

24

no effect, because the Council members do not enforce the Energy Codes, and under Washington law, they have no power to do so.

Consequently, what Plaintiffs are really asking for is a federal court order forcing a quasi-legislative body to *rescind regulations* it previously adopted, and a declaratory judgment made against that same body declaring that the regulations are of no force and effect. Such an order would clearly operate against the state itself as a sovereign. It would not operate merely against a state official charged with enforcing state law, and therefore does not fit within the narrow exception to the Eleventh Amendment set out in *Ex parte Young*. *See* 209 U.S. at 159 (holding that a state officer may be sued in federal court if the authority under which the officer acts is unconstitutional because such an act is "without the authority of, and one which does not affect, the state in its sovereign or governmental capacity.").

*Eu* and *Brown*, like *Mecinas*, also stand for the idea that when state officials are tasked with enforcing a challenged law, they are appropriate *Ex parte Young* defendants. In *Eu*, the plaintiffs challenged a California state law that limited the number of superior court judges allowed for Los Angeles County. *Eu*, 979 F.2d at 700. The county bar association argued that the limitation was constitutionally deficient given the litigation demands on the

25

courts. *Id.* The bar association sued state officials tasked with appointing judges to newly created positions and certifying subsequent elections for those positions; the Court held these duties gave the officials a "fairly direct" and "specific connection" to enforcement of the statute. *Id.* at 704. In that context, the fact that the officials had not instigated enforcement proceedings against the plaintiff bar association was irrelevant, since the statute was "simply not the type of statute that gives rise to enforcement proceedings" brought by any official. *Id.*

In *Brown*, plaintiffs challenged a California state constitutional provision that prohibited "preferential treatment to, any individual or group on the basis of race, sex, color, ethnicity, or national origin in the operation of public employment, public education, or public contracting." 674 F.3d at 1132 (quoting Cal. Const. art. I, § 31) (internal quotation marks omitted). They sued the president of the University of California, who was responsible for complying with the provision in the administration of the university system. *Id.* at 1134–35. Because the president was "duty-bound to ensure that his employees follow [the challenged provision] and refrain from using race as a criterion in admission decisions," this Court held that he had "a 'fairly direct' connection, to say the least, to the enforcement of section 31." *Id.* (quoting *Eu*, 979 F.2d at 704).

26

Plaintiffs cite no case where the adoption of a challenged law itself was sufficient to bring state lawmakers or rulemakers under the narrow exception to the Eleventh Amendment that *Ex parte Young* represents. Instead, each of the cases they cite are like *Mecinas*, *Eu*, and *Brown*, holding that where state officials enforce state statutes, they can be sued to halt the allegedly unconstitutional enforcement. *See* DktEntry 38-1 at 32–33 (citing *Frank v. Lee*, 84 F.4th 1119 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 1349, 218 L. Ed. 2d 424 (2024); *Mulgrew v. United States Dep't of Transportation*, 750 F.Supp.3d 171 (S.D.N.Y. 2024); and *Helicopter Ass'n Int'l v. Hawai'i*, No. CV 23-00083 LEK-WRP, 2023 WL 6850157 (D. Haw. Oct. 17, 2023)).[5]

Courts that have considered whether the adoption of a challenged policy in itself is sufficient under *Ex parte Young* have found that it is not. *See Mi Familia Vota v. Abbott*, 977 F.3d 461, 467 (5th Cir. 2020) (promulgation of an executive order is not a sufficient connection to the enforcement of the order);

---

[5] Where a statute directs an official to adopt regulations, and a plaintiff challenges the statute, the official may be sued to enjoin them from implementing the challenged law by adopting regulations. *See Helicopter Ass'n Int'l*, 2023 WL 6850157, at *5 (holding that official was a proper *Ex parte Young* defendant in a challenge to statute mandating reporting requirements where the official was directed to adopt regulations implementing those requirements). Here, though, Plaintiffs challenge the regulations themselves, not the state statute directing the Council to adopt regulations.

*NASD Disp. Resol., Inc. v. Jud. Council of California*, 232 F.Supp.2d 1055, 1065 (N.D. Cal. 2002) *vacated for mootness by* 488 F.3d 1065 (9th Cir. 2007), *vacated and remanded sub nom. NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065 (9th Cir. 2007) ("the policy making stage simply does not involve the requisite unconstitutional act that allows an *Ex parte Young* suit to proceed."); *Mulhern Gas Co., Inc. v. Rodriguez*, No. 1:23-cv-1267, 2024 WL 3992588, at *6 (N.D.N.Y. Aug. 29, 2024) ("the act of codification itself does not enforce the terms of the statute against any individual and the members of the Code Council do not have the authority to enforce the Code it enacts."); *MacEwen*, 2020 WL 4261323, at *2 (governor, who had authority to issue, amend, and rescind emergency orders, not a proper *Ex parte Young* defendant in challenge to emergency orders where "enforcement powers lie with other officials"). A rule to the contrary would eviscerate *Ex parte Young*, because it would allow suit against state legislators or rulemakers in their official capacities for having passed a law.

Plaintiffs characterize this as a "novel promulgator/non-promulgator distinction," and argue "[t]here is no reason . . . why a defendant could not both promulgate a law and have that necessary connection with enforcement of it." DktEntry 38-1 at 36. That's true. But promulgation *alone* is not enough. So,

Plaintiffs' warning that states could "collapse[] the promulgation and enforcement functions" to accomplish an end-run around federal review misses the mark. If a state official has authority to both promulgate a rule *and* enforce it, then they will be properly subject to federal jurisdiction for prospective declaratory and injunctive relief because of their enforcement function. *See*, *e.g.*, *Pac. Nw. Venison Producers v. Smitch*, 20 F.3d 1008, 1010 (9th Cir. 1994) (challenge to regulations promulgated and enforced by the Washington State Department of Wildlife).

As a last grasp in their attempt to sue the Council members, Plaintiffs argue that the Council's statutory authority to issue non-binding advisory opinions is sufficient to establish the necessary connection to the enforcement of the Energy Codes. DktEntry 38-1 at 42. But the very statute Plaintiffs rely on reiterates that it is "local official[s]" who are "charged with the duty to enforce the enumerated codes." Wash. Rev. Code § 19.27.031(8). Further, the Council may not even issue formal opinions on its own initiative. Local officials must request one first. *Id.* This does not "establish sufficient connection with enforcement to satisfy *Ex parte Young*." *Southern Pac. Transp. Co. v. Brown*,

29

651 F.2d 613, 615 (9th Cir. 1980)[6] (holding Oregon Attorney General's power to "direct and advise" local prosecuting attorneys was insufficient under *Ex parte Young*, where the advice was non-binding).

Plaintiffs' only authority for the idea that non-binding enforcement advice is sufficient under *Ex parte Young* is *Frank v. Lee*, a Tenth Circuit case. *See* DktEntry 38-1 at 33. There, the plaintiffs sued the Wyoming Secretary of State to enjoin enforcement of a state statute barring electioneering around polling places. *Frank v. Lee*, 84 F.4th 1119, 1128 (10th Cir. 2023). The Court held that the Secretary "certainly" had a sufficient connection to enforcing Wyoming election laws, including the electioneering provision, based on his statutory duties to "maintain uniformity in elections, ensure orderly voting, and refer election code violations for prosecution . . . ." *Id.* at 1132. The fact that the Secretary's office had also "fielded calls" about how to enforce Wyoming's electioneering law was not dispositive; it was simply the final nail in the coffin of his Eleventh Amendment defense. *Id.* at 1132–33.

---

[6] This pin cite is correct, however, there is another case that starts on this page, *Arrington v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 651 F.2d 615, 615 (9th Cir. 1981). Thus when putting the pin cite into Westlaw, the *Arrington* case will be brought up.

The Council has no such equivalent duties to enforce the challenged regulations; enforcement authority is instead granted entirely to local building officials. Wash. Rev. Code § 19.27.050. Local building officials can ask the Council's advice or not. Once that advice is received, local officials can follow it or not, and the Council has no recourse if they do not. At bottom, the Council is a quasi-legislative body and the Council members act as legislators in promulgating the Energy Codes; they have no connection to the Codes' enforcement, which is solely entrusted to other officials, and they therefore are not proper defendants under *Ex parte Young*.

### 4. *Ex parte Young* does not allow suit against the Attorney General

Likewise, the Attorney General is not a proper defendant under *Ex parte Young*. Under Washington law, the Attorney General has no connection—direct or otherwise—to enforcement of the Energy Codes. *See Eu*, 979 F.2d at 704; *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) ("[t]hat connection must be determined under state law depending on whether and under what circumstances a particular defendant has a connection with the challenged state law."). As discussed above, enforcement of the Energy Codes is entrusted to local officials by statute. Wash. Rev. Code § 19.27.050. The Attorney General does not supervise or "direct . . . in a binding fashion" the enforcement activities

of the local officials who enforce the Code. *See Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004); *Southern Pac. Transp. Co.*, 651 F.2d at 615[7] (holding Oregon's attorney general's power to "consult with, advise, and direct" district attorneys, who maintained autonomy as a matter of state law, was not sufficient connection to enforcement to satisfy *Ex parte Young* where advice was not binding and attorney general could not bring prosecution of his own). Nor is there any provision of law empowering the Attorney General to exercise the same power to enforce the Energy Codes as a local enforcement official. *Cf. Wasden*, 376 F.3d at 920 (Idaho attorney general was a proper defendant under *Ex parte Young* in a challenge to a criminal statute where Idaho law authorized him to "do every act that the county attorney can perform" and allowed him to deputize himself to "exercise the same power to enforce the statute the [county] prosecutor would have"). Simply put, the Attorney General has *no* connection to enforcement of the Energy Codes.

Plaintiffs contend that the Attorney General is a proper defendant under *Ex parte Young* because Washington law provides that the Attorney General shall "[a]ppear for and represent the state before the supreme court or the court of appeals in all cases in which the state is interested" and "[i]nstitute and

---

[7] *See supra*, n.6 at 30.

32

prosecute all actions and proceedings for, or for the use of the state, which may be necessary in the execution of the duties of any state officer[.]" Wash. Rev. Code §§ 43.10.030(1)–(2), .110. But this is exactly the type of non-specific, general law enforcement authority that does not rise to the "fairly direct" connection *Ex parte Young* requires. *See Eu*, 979 F.2d at 704. Indeed, the Supreme Court said as much when it announced the *Ex parte Young* exception:

> If, because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the legislature could be tested by a suit against the governor and *the attorney general*, based upon the theory that the former, as the executive of the state, was, in a general sense, charged with the execution of all its laws, and *the latter, as attorney general, might represent the state in litigation involving the enforcement of its statutes*. That would be a very convenient way for obtaining a speedy judicial determination of questions of constitutional law which may be raised by individuals, but it is a mode which cannot be applied to the states of the Union consistently with the fundamental principle that they cannot, without their assent, be brought into any court at the suit of private persons.

*Ex parte Young*, 209 U.S. at 157 (quoting *Fitts v. McGhee*, 172 U.S. 513, 530 (1899) (internal quotation marks omitted)) (emphasis added).

Plaintiffs' reliance on *State of Wash. v. City of Sunnyside*, 550 P.3d 31 (Wash. 2024), is similarly misplaced. *See* DktEntry 38-1 at 43–44. *City of Sunnyside* interpreted provisions of state law that provided the Attorney General

33

shall represent the State in court. *City of Sunnyside*, 550 P.3d at 41 (interpreting Wash. Rev. Code § 43.10.030(1)). The court held that the law gave the Attorney General "discretionary authority to act in any court in matters of public concern, . . . provided there is a cognizable common law or statutory cause of action." *Id*. In *City of Sunnyside*, this meant the Attorney General could bring due process and anti-discrimination challenges to a city's operation of its crime-free rental housing program. *Id.* at 41–45. This discretionary authority to bring civil lawsuits in certain circumstances is not sufficient to waive sovereign immunity for all cases brought against the Attorney General.

Plaintiffs contend, without factual support, that it "strains credulity to suggest that the Attorney General" would not bring suit "to force compliance and uphold" the Energy Codes if local building enforcers did not do so, and that such a lawsuit is "exceedingly likely." DktEntry 38-1 at 43–44. But speculation based on an official's generalized discretionary authority to bring affirmative civil lawsuits falls far short of the required "fairly direct" enforcement connection to the challenged law. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) (California Attorney General's general supervisory power not sufficient under *Ex parte Young* absent "a real likelihood" those powers will be used against plaintiffs' interests); *Ex parte Young*, 209 U.S. at 156 (exception

34

applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution . . . ."). As an initial matter, Plaintiffs do not explain what "cognizable common law or statutory cause of action" would underlie a lawsuit by the State against local building code officials. *City of Sunnyside*, 550 P.3d at 41. Moreover, Plaintiffs have not shown any "real likelihood" of such a lawsuit here. *See Long*, 961 F.2d at 152; ER-24–25 (sole reference to the Attorney General in First Amended Complaint, alleging he is "authorized to enforce the Energy Code" and citing *City of Sunnyside*). Regardless, while local codes appear to give local officials discretion in enforcing the Energy Codes, Plaintiffs' own evidence submitted with their complaint suggests that local building officials will continue to enforce the Energy Codes, and so the Attorney General would not have occasion to bring such a lawsuit in the first place. *See* ER-68–69, 74–75.

Because the Attorney General has no connection to enforcement of the Energy Codes, he is not a proper defendant under *Ex parte Young*.

**C.** **If This Court Determines the Eleventh Amendment Does Not Bar this Suit, It Should Remand to the District Court for Further Proceedings**

For the reasons discussed above, the Court should affirm the district court's ruling that Plaintiffs' case is barred by the Eleventh Amendment and that

the *Ex parte Young* exception does not apply. If the Court disagrees, however, then it should remand the case for further proceedings.

"As a general rule, 'a federal appellate court does not consider an issue not passed upon below.'" *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). And while appellate courts may exercise discretion to consider such an issue, they "do not exercise this discretion lightly." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1112 (9th Cir. 2020).

In dismissing this case on immunity grounds, the district court did not reach the question of whether Plaintiffs have standing. ER-12, n.3. So, if this Court determines that Plaintiffs' challenge to the Energy Codes should not be dismissed on Eleventh Amendment grounds, then the Court should decline to exercise its discretion to consider the standing issue and allow the district court to consider that issue in the first instance. *See, e.g.*, *Singleton*, 428 U.S. at 120 (noting that an appellate court could properly exercise its discretion to consider question in the first instance where "the proper resolution is beyond any doubt" or where "injustice might otherwise result").

36

Plaintiffs contend that the Court should exercise its discretion here to avoid "the prospect of yet further delay—and perhaps even an additional appeal to this Court[.]" DktEntry 38-1 at 45. But further appellate proceedings are always a possibility when a matter is remanded and should not require departing from the Court's usual practice of allowing the district court to rule upon issues in the first place.

Moreover, as Plaintiffs correctly point out, this case has been pending for over a year. Remanding will also allow the district court to consider the appropriate course of this litigation in light of any changed circumstances that have arisen since Plaintiffs filed their Complaint. This includes mootness, which is a "jurisdictional issue." *United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007). For a case to fall within the federal courts' "limited judicial power . . . a live case or controversy must be 'extant at all stages of review.'" *Id*. "Otherwise, the case is moot and must be dismissed." *Id*.

In this case, prior to the hearing on Defendants' motion to dismiss, the district court requested supplemental briefing from the parties on the impact of Initiative 2066 (I-2066) on this case. *See generally* SER-22–23. I-2066 is a Washington state law that would change the statutory duties of the Council as it relates to the regulation of natural gas and greenhouse gases. Washington

37

Secretary of State, *Initiative Measure No. 2066*, https://www2.sos.wa.gov /_assets/elections/initiatives/finaltext_3177.pdf (last accessed Sept. 17, 2025). The Washington Supreme Court recently accepted direct review of a trial court order declaring I-2066 to be unconstitutional. *Climate Solutions et al. v. Washington et al.*, No. 104240-0, Order (Wash. Sept. 3, 2025). As Defendants noted in their supplemental brief, if I-2066 is upheld, further developments may render this case moot and, in any event, would substantially impact the merits arguments. SER-27. Namely, the Council passed a resolution stating that it will assess what changes to the Codes may be necessary to comply with I-2066, which may result in amendments via off-cycle rulemaking. SER-24–25; SER 15–19. In addition, potential state court orders in cases challenging the Codes based on I-2066 could have a similar effect. SER-24–25; SER-9–10. Defendants noted that if the Court denied the motion to dismiss, Defendants would likely request a stay of the case based on these circumstances. SER-27. In considering jurisdictional issues, the district court should have the benefit of any updated information about I-2066 and other matters that could impact whether there is a live dispute here.

Accordingly, consistent with this Court's role as "'a court of review, not of first view,'" if the Court disagrees that the Eleventh Amendment bars this suit,

38

it should remand for the district court to consider standing and other jurisdictional issues in the first instance. *Jennings v. Rodriguez*, 583 U.S. 281, 313 (2018) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718, n.7 (2005)).

## VI.  CONCLUSION AND RELIEF SOUGHT

This Court should affirm the district court's dismissal of Plaintiffs' lawsuit because it is barred by the Eleventh Amendment. In the alternative, the Court should remand the case for further proceedings.

RESPECTFULLY SUBMITTED this 17th day of September 2025.

NICHOLAS W. BROWN
Attorney General

*/s/ R. July Simpson*
R. JULY SIMPSON, WSBA #45869
SARAH E. SMITH-LEVY, WSBA #55770
DIERK MEIERBACHTOL, WSBA #31010
Assistant Attorneys General
EMMA GRUNBERG, WSBA #54659
WILLIAM MCGINTY, WSBA #41868
Deputy Solicitor General
Complex Litigation Division
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
360-709-6470
July.Simpson@atg.wa.gov
Sarah.E.Smith-Levy@atg.wa.gov
Dierk.Meierbachtol@atg.wa.gov
Emma.Grunberg@atg.wa.gov
William.McGinty@atg.wa.gov
*Attorneys for Defendants-Appellees*

39

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-2134

I am the attorney or self-represented party.

**This brief contains** 8,537 **words, including** [          ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [          ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ R. July Simpson          **Date** 9/17/25

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                 *Rev. 12/01/22*